UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Karen Fennell, <br><br> Plaintiff, <br> v. <br><br> CVS Health; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: _____ <br><br> COMPLAINT |

For this Complaint, the Plaintiff, Karen Fennell, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Karen Fennell ("Plaintiff"), is an adult individual residing in Lansdowne, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, CVS Health ("CVS"), is a Rhode Island business entity with an address of One CVS Drive, Woonsocket, Rhode Island 02895, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by CVS and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. CVS at all times acted by and through one or more of the Agents.

## FACTS

7. Within the last year, CVS began calling Plaintiff's cellular telephone, number 610-xxx-5620, using an automatic telephone dialing system ("ATDS") and using artificial or prerecorded messages.

8. When Plaintiff answered calls from CVS, she heard a prerecorded message regarding refilling her prescription.

9. In late October 2015, Plaintiff went into her local CVS store and requested that all calls to her cease.

10. Plaintiff further reiterated her request for the calls to stop during a telephone conversation with her local CVS in November 2015.

11. Nevertheless, Plaintiff continued to receive automated calls from CVS.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

12. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein, Defendants called Plaintiff on her cellular telephone using an ATDS and using a prerecorded or artificial voice.

14. Despite being directing to cease all calls, Defendants continued to place automated calls to Plaintiff's cellular telephone number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by Defendants was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);
2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 7, 2016

> Respectfully submitted,
>
> By _____
>
> Sergei Lemberg, Esq. (317359)
> LEMBERG LAW, L.L.C.
> 43 Danbury Road
> Wilton, CT 06897
> Telephone: (203) 653-2250
> Facsimile:  (203) 653-3424
> Attorneys for Plaintiff