IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN FENNELL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 16-1739 |
| | : | |
| CVS PHARMACY, et al. | : | |

## ORDER

AND NOW, this 3rd day of April, 2017, upon consideration of Defendant CVS Pharmacy, Inc.'s Motion for Judgment on the Pleadings, Plaintiff Karen Fennell's opposition thereto, and Defendant's reply, and after a March 16, 2017, oral argument, it is ORDERED the Motion (Document 18) is DENIED without prejudice.[1]

---

[1] Plaintiff Karen Fennell brings this action against CVS Pharmacy, Inc., and various unknown CVS employees or agents (named in the Complaint as "John Does 1-10") pursuant to the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227. Fennell alleges Defendants violated the TCPA by repeatedly calling her on her cellular telephone using an automatic telephone dialing system and artificial or prerecorded messages after she requested that the calls cease. The Complaint does not describe the purpose or content of the calls, other than alleging they concerned "refilling [Plaintiff's] prescription." First Am. Compl. ¶ 8. CVS has filed a motion for judgment on the pleadings, arguing Fennell cannot establish a TCPA violation because the calls, which admittedly related to Plaintiff's own prescriptions, fall within the TCPA's "emergency purposes" exception as a matter of law.

The TCPA makes it unlawful to call "any telephone number assigned to a . . . cellular telephone service" using "any automatic telephone dialing system or an artificial or prerecorded voice," unless the call is made "for emergency purposes" or "with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). The "emergency purposes" and "prior express consent" exceptions to liability are affirmative defenses under the TCPA. *See Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 n.1 (9th Cir. 2011). Although the term emergency purposes is not defined in the TCPA itself, the Federal Communications Commission's implementing regulations specify that "[t]he term emergency purposes means calls made necessary in any situation affecting the health and safety of consumers." 47 C.F.R. § 64.1200(f)(4).

Under Federal Rule of Civil Procedure 12(c), a court may grant judgment on the pleadings only if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). After reviewing the parties' submissions and considering the arguments presented at the March 16, 2017, oral argument, the Court is not persuaded all calls

It is further ORDERED that in light of the significant legal issues involved in this case, the case shall be exempted from compulsory arbitration.  A scheduling order will be entered separately.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

relating to the recipient's prescriptions—irrespective of the purpose or content of the call and the nature of the prescription at issue—are necessarily made for emergency purposes as a matter of law.  Accordingly, CVS's motion for judgment on the pleadings is denied.  The denial is without prejudice to CVS's right to renew its argument that the calls at issue in this case fall within the emergency purposes exception at the summary judgment stage.